IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALICIA VELORIA, | ) | CIV. NO. 08-00288 SOM/KSC |
| | ) | |
|     Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | FIRST AMENDED 28 U.S.C. |
|   vs. | ) | § 2241 PETITION |
| | ) | |
| LINDA MCGREW, WARDEN, FEDERAL | ) | |
| DETENTION CENTER-HONOLULU, | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| | ) | |
|     Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S FIRST AMENDED
28 U.S.C. § 2241 PETITION

I.      INTRODUCTION.

      On July 3, 2003, Alicia Veloria was convicted in this district by a jury of possessing with intent to distribute in excess of five (5) grams of cocaine base.

      On November 3, 2003, this court sentenced Veloria to 97 months in prison, 4 years of supervised release, and a $100 special assessment. This court later reduced Veloria's sentence of imprisonment to 78 months, under 18 U.S.C. § 3582(c)(2), given the November 1, 2007, amendment to crack cocaine provisions in the United States Sentencing Guidelines.

      Veloria was designated to serve her sentence at the Federal Medical Center, Carswell, Texas ("FMC Carswell"). Veloria was temporarily transferred from FMC Carswell to the Federal Detention Center, in Honolulu, Hawaii ("FDC Honolulu"), to argue her pending petition under 28 U.S.C. § 2255. While at

FDC Honolulu, Veloria filed the present petition with this court pursuant to 28 U.S.C. § 2241.

On June 30, 2008, Veloria amended her § 2241 petition, asserting that, to date, she has served approximately 60 months of her sentence, earning approximately 9 months of "good conduct time."  First Amended Petition for Habeas Corpus Under 28 U.S.C. § 2241 (June 30, 2008) at 3 ("Amended Petition").  Veloria claims that she will be eligible for placement at a Residential Re-entry Center ("RRC") or halfway house as of July 27, 2008, and that such placement is consistent with 18 U.S.C. § 3621(b) and the "Second Chance Act Amendments" to 18 U.S.C. § 3624.  Amended Petition at 3.  Veloria asks this court to "make a judicial recommendation, based on [Veloria's] individual characteristics, for halfway house placement[,]" and asks this court to "direct[] the [Federal Bureau of Prisons] to promptly and in good faith consider [Veloria] for RRC placement[.]" Id. at 5-6.

At the time Veloria filed her original § 2241 petition, she was designated to FMC Carswell.  Prior to filing the Amended Petition, however, Veloria was permanently re-designated to FDC Honolulu to serve the remaining portion of her sentence.

This court denies Veloria's request for relief under 28 U.S.C. § 2241, because Veloria admits that she has not fully exhausted administrative remedies and shows no reason she should be excused from doing so.  Further, 18 U.S.C. § 3621(b) and the

"Second Chance Act Amendments" to 18 U.S.C. § 3624, on which Veloria relies in arguing that she is eligible for RRC or halfway house placement, mandate neither that placement nor consideration by the Federal Bureau of Prisons ("FBOP") for such placement.

This court notes that, while Veloria's amended petition seeks a preliminary injunction preventing her transfer from FDC Honolulu back to FMC Carswell, that issue has either been rendered moot as a result of her new designation to FDC Honolulu or is not ripe because Veloria has not shown a likely transfer from FDC Honolulu.

II.     ANALYSIS

     A.  Veloria Has Not Exhausted Administrative Remedies and Has Not Shown That She Should Be Excused from Exhausting Those Remedies.

Federal prisoners are generally required to exhaust administrative remedies before seeking relief under § 2241. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) ("Section 2241 . . . does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.  Nonetheless, we require, as a prudential matter, that habeas petitioners exhaust available judicial remedies before seeking relief under § 2241." (internal quotation marks, ellipsis, and citation omitted)).  "There are several exceptions to the exhaustion requirement, however.  Exhaustion of

administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." Dale-Murphy v. Winston, 837 F.2d 348, 354 (9th cir. 1987).

Veloria admits that she has not fully exhausted administrative remedies, but claims that she should be excused from exhausting because the "requested relief is of a time sensitive nature[.]"  She also says that she would suffer irreparable harm if required to exhaust because "she would be denied irretrievable community readjustment time of which she is eligible and entitled to."  Amended Petition at 6-7.  Further, Veloria contends that she has demonstrated persistence in seeking the relief requested in her petition.

Veloria's persistence is borne out by the sequence of events.  On May 22, 2008, Veloria submitted an administrative request for relief seeking to have a "BOP staff member review and submit the necessary paperwork for [her] pre-release [halfway house] placement."  Amended Petition at 5; Exhibit A.  Less than two weeks later, on June 3, 2008, Veloria received a "Response to Request for Administrative Remedy" from the warden of FDC Honolulu stating that Veloria was still designated to FMC Carswell and that staff at FDC Honolulu could only review her request for RRC placement after Veloria was permanently

designated to FDC Honolulu.  <u>See</u> Amended Petition Exhibit B.  The response further indicated that FDC Honolulu had taken steps to have Veloria re-designated to FDC Honolulu.  <u>Id.</u>  On June 6, 2008, three days after receiving the response to her request for administrative remedy, Veloria filed a Regional Administrative Remedy Appeal to the Regional Director, seeking review of the response.  She stated that immediate review was necessary given the time-sensitive nature of her request and her persistence regarding the issues.  <u>Id.</u> at 5-6; <u>see</u> <u>also</u> Amended Petition Exhibit D.  Ten days later, on June 16, 2008, Veloria filed her original petition with this court under 28 U.S.C. § 2241.  After the filing of that petition, Veloria was designated to FDC Honolulu to serve the remainder of her sentence.  Veloria filed her Amended Petition on June 30, 2008.

       This court is not persuaded that Veloria should be excused from exhausting administrative avenues of relief.  While futility is a recognized exception to the general requirement that federal prisoners exhaust administrative remedies before bringing a habeas petition in federal court, mere persistence is not.  The chronology set forth above demonstrates Veloria's persistence, but does not show that exhaustion of available administrative procedures would be futile.  Veloria has not even told the court whether she has asked for RRC placement since being designated to FDC Honolulu.  Veloria shows no irreparable

injury if the court does not order the FBOP to promptly consider Veloria for RRC or halfway house placement.

> B.  Even If Veloria Did Exhaust Administrative Remedies, Veloria Is Not "Entitled" to a Judicial Recommendation for RRC or Halfway House Placement or an Order Directing the FBOP to Promptly Consider Veloria for Such Placement.

Veloria contends that she should be considered for halfway house placement in light of 18 U.S.C. § 3624 and 18 U.S.C. § 3621.  Based on this contention, Veloria requests that this court "make a judicial recommendation, based on Veloria's individual characteristics, for halfway house placement of 10% of her sentence (7.8 months)."  Amended Petition at 5.

Veloria relies on 18 U.S.C. § 3624 to support her contention that she is entitled to be considered for halfway house placement.  That section provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The plain language of § 3624 provides only that, "to the extent practicable," the FBOP shall ensure that a prisoner spends the final months of his or her term under conditions that afford the prisoner a reasonable opportunity to adjust and prepare to return to the community.  The statute does not require the FBOP to

6

consider re-entry confinement in any particular type of institution.

The Ninth Circuit has held that 18 U.S.C. § 3624 does not require that all prisoners be considered for placement or actually placed in a re-entry confinement center or halfway house. United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to a free society."). In Lauglin, the defendant argued that "the government's failure to coordinate his release through a community treatment center violated 18 U.S.C. § 3624(c)." Id. In rejecting that argument, the Ninth Circuit noted that the FBOP could consider an array of options under the statute. Id.

Several district courts have similarly held that 18 U.S.C. § 3624(c) does not require the FBOP to provide a prisoner with placement in a RRC or community correctional facility. Lizarraga-Lopez v. United States, 89 F. Supp. 2d 1166, 1169 (S.D. Cal. 2000) ("As a preliminary matter, the Court notes that the statute does not guarantee placement into community confinement for any federal prisoner . . . [R]ather, such placement is required only 'to the extent practicable.'" (citing 18 U.S.C. § 3624(c))); see also United States v. Mizerka, 1992 WL 176162, at 2 (D. Or. 1992) ("18 U.S.C. § 3624(c) does not require the Bureau of Prisons to provide for confinement in a community

corrections center prior to the end of the term of imprisonment that was imposed."); <u>Flisk v. U.S. Bureau of Prisons</u>, 1992 WL 80523, at 1 (N.D. Ill. 1992) (stating that 18 U.S.C. § 3624(c) is not mandatory).

This court does not read 18 U.S.C. § 3624(c) as requiring the FBOP to consider Veloria for RRC or halfway house placement.  The statute allows the FBOP to consider a range of options, "to the extent practicable."

Veloria also cites 18 U.S.C. § 3621(b), which sets forth several factors that the FBOP shall consider in designating a prisoner's place of imprisonment.  <u>See</u> Amended Petition at 4-5. That provision is inapplicable, as it applies not to RRC placement but to the designation of the "place of the prisoner's imprisonment."  <u>See</u> 18 U.S.C. § 3621(b).

III.     <u>CONCLUSION</u>

Veloria's § 2241 petition is denied, as she has not exhausted her administrative remedies, nor shown an entitlement to either a judicial recommendation for RRC or halfway house placement or an order directing the FBOP to promptly consider her for such placement.

The Clerk of Court is directed to enter judgment for Respondent and to close this case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 11, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Veloria v. McGrew, CIV. NO. 08-00288 SOM/KSC; ORDER DENYING PETITIONER'S FIRST AMENDED 28 U.S.C. § 2241 PETITION